**UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN, BANKRUPTCY DIVISION**

| | |
|---|---|
| In re: <br><br> JEFFREY J. PROSSER, <br><br> Debtor. | Case No. 06-30009 (JKF) <br><br> Chapter 7 |
| JAMES P. CARROLL, as Chapter 7 Trustee of the Estate of Jeffrey J. Prosser, <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL BANK OF COMMERCE LIMITED, <br><br> Defendant. | Adv. Pro. No. 08-3047 (JKF) |
| In re: <br> INNOVATIVE COMMUNICATION CORPORATION, <br> DEBTOR. | Case No. 07-30012 (JKF) <br> Chapter 11 |
| STAN SPRINGEL, CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATE OF INNOVATIVE COMMUNICATION CORPORATION, <br>    PLAINTIFF, <br><br> v. <br><br> GLOBAL BANK OF COMMERCE LIMITED, <br>    DEFENDANT. | Adv. Proc. No. 09- 03071 |

**ANSWER OF GLOBAL BANK OF COMMERCE LIMITED
TO FIRST AMENDED COMPLAINT AGAINST GLOBAL BANK OF COMMERCE
LIMITED TO RECOVER PRE-PETITION FRAUDULENT TRANSFERS AND
<u>PREFERENTIAL TRANSFERS AND OBJECTION TO CLAIM</u>**

4834-1487-5920.3

Defendant Global Bank of Commerce Limited ("GBC") hereby submits the following Answer and Affirmative Defenses to the *First Amended Complaint against Global Bank of Commerce Limited to Recover Pre-Petition Fraudulent Transfers and Preferential Transfers and Objection to Claim* (the "Amended Complaint") of Stan Springel, chapter 11 trustee ("Trustee Springel") of the bankruptcy estate of Innovative Communication Corporation ("New ICC").

## PARTIES

1. Trustee Springel is the chapter 11 trustee of the bankruptcy estate of New ICC (the "New ICC Estate").

    **ANSWER:** GBC admits the allegations in Paragraph 1.

2. Global Bank of Commerce Limited (the "Defendant") is, upon information and belief, a banking organization based in St. John's, Antigua, West Indies with at least one branch located in Christiansted, St. Croix, United States Virgin Islands. The Defendant has previously appeared in this proceeding and therefore can be served with this Complaint through its counsel of record, George Mesires, Ungaretti & Harris LLP, 3500 Three First National Plaza, 70 W. Madison Street, Chicago, Illinois, 60602.

    **ANSWER:** GBC admits that it is a financial institution duly formed, licensed, and operating under the laws of Antigua and Barbuda. GBC admits that it has previously appeared in this proceeding through its counsel of record, George R. Mesires. GBC denies all remaining allegations in Paragraph 2.

## JURISDICTION AND PROCEDURAL BACKGROUND

3. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F), (H), and (O).

    **ANSWER:** GBC admits that this Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b). GBC admits that Counts I, II, IV, V, and VII of the Amended Complaint are core proceedings pursuant to 28 U.S.C. § 157(b). GBC

denies that Counts III, VI, and VIII of the Amended Complaint are core proceedings but consents to entry of a final order or judgment on Counts III, VI, and VIII by this Court.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

**ANSWER:** GBC admits the allegations in Paragraph 4.

5. On July 5, 2007 (the "Petition Date"), Greenlight Capital Qualified, L.P., Greenlight Capital, L.P., and Greenlight Capital Offshore, Ltd. (collectively, the "Greenlight Entities") filed an *Involuntary Petition for Relief* against New ICC, commencing Case No. 07-30012 (JKF). An *Order for Relief* was entered by the Court on September 21, 2007 (DE 60). Trustee Springel was appointed the chapter 11 trustee of New ICC on October 4, 2007 (DE 125).

**ANSWER:** GBC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 and therefore denies them.

## THE TRANSFERS

6. New ICC is a management and holding company that once owned, directly or indirectly, 100% of the common stock of various operating subsidiaries that provide telephone, newspaper, and other services to the citizens of the United States Virgin Islands, British Virgin Islands, surrounding Caribbean locations and portions of France. New ICC is a wholly-owned subsidiary of Emerging Communications, Inc. ("ECI"), which, in turn, is directly and indirectly owned by Innovative Communication Company, LLC ("ICC-LLC", and together with ECI, the "Parent Debtors").

**ANSWER:** GBC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 and therefore denies them.

7. At all times material, Jeffrey J. Prosser ("Prosser") was an officer and director and control party of New ICC, and the sole member of its ultimate parent company, ICC-LLC. In those capacities, he exercised absolute and unchecked control over New ICC and its subsidiaries. Prosser utilized tens of millions of dollars of operating capital of New ICC, all without board approval, to pay for a lavish lifestyle for himself and his family characterized by multiple residences, private jets, luxury automobiles, and the accumulation of luxury items including wines, fine art, and expensive jewelry.

**ANSWER:** GBC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 and therefore denies them.

8. Soon after the commencement of significant litigation against Prosser and his companies (including a class action for breach of fiduciary duties brought by former public shareholders relating to Prosser's privatization of ECI), placing him at risk of substantial adverse

3

4834-1487-5920.3

judgments, Prosser began improperly and fraudulently liquidating the capital of New ICC for his own personal benefit and for the personal benefit of insiders, friends and family members. Even as a debtor in bankruptcy,[1] Prosser continued to cause New ICC to pay for personal items and services utilized or possessed by him and/or his family members.

      **ANSWER:**    GBC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and therefore denies them.

    9.    As a result, both before and after the Petition Date, New ICC made payment(s) to or for the benefit of the Defendant (collectively, the "Transfers"), including those identified on **Exhibit A** attached hereto. The aggregate amount of the Transfers is $3,920,260.30 (collectively, the "Funds").

      **ANSWER:**    GBC denies all allegations in Paragraph 9.

    10.    Specifically, in July 2002, Prosser caused New ICC's wholly owned subsidiary, Virgin Islands Telephone Company ("VITELCO") to borrow $3 million from the Defendant (originally, and as subsequently amended, the "Loan"). Prosser then compelled VITELCO and ECI to pledge assets to the Defendant as collateral for the Loan (the "Property").[2]

      **ANSWER:**    GBC admits that it entered into a loan with Vitelco pursuant to a Promissory Note, dated July 8, 2002, in the amount of $3 million. GBC admits that ECI granted a Mortgage, dated July 8, 2002, to GBC to secure the loan. GBC denies all remaining allegations in Paragraph 10.

    11.    Although VITELCO initially received the Loan proceeds, Prosser directed VITELCO to immediately transfer the $3 million to New ICC. Prosser then instructed New ICC to apply such funds to Prosser's benefit as a credit against a personal obligation of Prosser to New ICC. Thereafter, Prosser caused New ICC (not VITELCO) to make all of the payments on the Loan, the net effect being that Prosser got the benefit of the Loan proceeds in the form of a credit against his obligation to New ICC without spending a dime of his own money. On the other hand, New ICC received nothing in exchange for the credit it was compelled to give Prosser, as New ICC had to repay the Loan to Global Bank.

---

[1] On February 10, 2006, the Greenlight Entities filed *Involuntary Petitions for Relief* against ECI, ICC-LLC and Prosser.
[2] Such Property includes, but is not limited to, a plot of land located at 143 Estate Anna's Hope, East End Quarter, St. Croix, U.S. Virgin Islands (the "Anna's Hope Property"), previously owned by ECI.

4

4834-1487-5920.3

**ANSWER:** GBC admits that Vitelco received the approximately $3 million in loan proceeds (minus GBC's legal fees and service charge) from GBC in July 2002. GBC denies all remaining allegations in Paragraph 11.

12. The Defendant and VITELCO, at the behest of and for the benefit of Prosser, amended the Loan on two occasions, once on December 31, 2002 and again on July 12, 2006 (when Prosser and the Parent Debtors were already in involuntary bankruptcy proceedings). Pursuant to the later amendment, suspiciously made on the eve of Trustee Springel's appointment at the Parent Debtors' level, VITELCO amended the existing loan documents to secure another advancement of $1.7 million. As with the original Loan (to which New ICC was notably not a party), the Anna's Hope Property was again pledged as security for the amended Loan per the direction of Prosser, despite the fact that ECI was already in bankruptcy and there was no Court approval of such pledging of ECI's property.

**ANSWER:** GBC admits that it entered into a loan with Vitelco pursuant to an Amended and Restated Promissory Note, dated July 12, 2006, in the amount of $1.7 million. GBC admits that, in connection with the loan, ECI signed a Second Modification of Mortgage, dated July 12, 2006. GBC denies all remaining allegations in Paragraph 12.

13. Also as with the original Loan, neither VITELCO nor New ICC received anything of value from Global Bank or Prosser in connection with the amendments, nor did ECI. Nonetheless, and, upon information and belief, with Global Bank's full knowledge, New ICC continued to make the payments due Global Bank.

**ANSWER:** GBC denies all allegations in Paragraph 13.

14. ECI's board resolutions of July 12, 2006 authorizing the Anna's Hope Property to be mortgaged expressly state that the Loan proceeds were to be used by VITELCO to purchase a GSM switch. Such a purchase never occurred. Upon information and belief, the Defendant was aware of this false pretense by which the mortgage was secured and further aware that VITELCO would not benefit from the Loan proceeds. Notably, the Loan was never reflected on VITELCO's books and records, the Defendant was not scheduled as a secured creditor on ECI's schedules, and the Defendant did not file a proof of claim in the ECI bankruptcy case.

**ANSWER:** On information and belief, GBC admits that the proceeds of the July 2006 loan were to be used by Vitelco to purchase a GSM switch system. GBC denies all of Trustee Springel's allegations regarding GBC's knowledge. GBC lacks knowledge or information

5

sufficient to form a belief about the truth of all remaining allegations in Paragraph 14 and therefore denies them.

15. New ICC's Board of Directors did not consider or approve the Loan as New ICC was never a party to the Loan, despite making all payments on same. Upon information and belief, Trustee Springel asserts that the Defendant cooperated with Prosser in structuring the Loan to appear as an obligation of VITELCO although the Defendant was aware that the Loan was for Prosser's sole and personal benefit. Further, the Defendant knowingly accepted payments on the Loan from New ICC even though the Loan documents reflected VITELCO as the borrower and the Loan benefitted only Prosser.

**ANSWER:** GBC denies all of Trustee Springel's allegations regarding GBC's knowledge. GBC lacks knowledge or information sufficient to form a belief about the truth of all remaining allegations in Paragraph 15 and therefore denies them.

16. The transfer of New ICC's operating capital to or for the benefit of the Defendant was made by New ICC – at Prosser's direction – with an actual intent to hinder, delay, or defraud present or future creditors of New ICC. Since at all times material Prosser was a control person of New ICC, his intent in causing New ICC to pay what was really his personal obligation to the detriment of New ICC's own creditors can be imputed to New ICC.

**ANSWER:** GBC denies all allegations in Paragraph 16.

17. The Defendant did not provide any consideration to New ICC in exchange for the Transfers.

**ANSWER:** GBC denies all allegations in Paragraph 17.

18. Further, the Defendant knew, or should have known, the actual source of the Funds. Defendant willingly assisted and conspired with Prosser in this scheme to cause New ICC to re-pay a loan that was solely for Prosser's personal benefit, which resulted in significant damages to New ICC.

**ANSWER:** GBC denies all allegations in Paragraph 18.

19. At all times material, creditors had claims against New ICC. Further, numerous creditors, including but not limited to the Greenlight Entities, the Rural Telephone Finance Cooperative (the "RTFC"), Comstar, Inc. and other creditors identified on the claims register, currently hold significant allowable secured and unsecured claims against the New ICC Estate under Bankruptcy Code § 502, which claims remain unpaid.

**ANSWER:** GBC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 and therefore denies them.

6

4834-1487-5920.3

## CAUSES OF ACTION

*Count One: To Recover Fraudulent Transfers Made by New ICC to or for the
Benefit of the Defendant under Section 548(a)(1)(A) of the Bankruptcy Code*

20. Paragraphs 1 through 19 are incorporated herein by reference.

**ANSWER:** GBC realleges and incorporates by reference its answers to Paragraphs 1 through 19 above.

21. Within two years preceding the Petition Date, the Defendant received or was the beneficiary of certain Transfers.

**ANSWER:** GBC denies all allegations in Paragraph 21.

22. Each of those Transfers constituted transfers of interests in property of New ICC.

**ANSWER:** GBC denies all allegations in Paragraph 22.

23. All of those Transfers were made with actual intent to hinder, delay or defraud a then-present or future creditor of New ICC.

**ANSWER:** GBC denies all allegations in Paragraph 23.

24. All of those Transfers are recoverable by Trustee Springel for the New ICC Estate under section 548(a)(1)(A) of the Bankruptcy Code.

**ANSWER:** GBC denies all allegations in Paragraph 24.

25. Pursuant to section 550(a) of the Bankruptcy Code, Trustee Springel may recover transfers from the initial, immediate, or mediate transferee, as well as from the entity for whose benefit the transfers were made. Accordingly, Trustee Springel may recover from the Defendant each of those Transfers, the value thereof, or any and all proceeds, monies or properties attributable to same.

**ANSWER:** GBC denies all allegations in Paragraph 25.

*Count Two: To Recover Fraudulent Transfers Made by New ICC to or for
the Benefit of the Defendant under Section 548(a)(1)(B) of the Bankruptcy Code*

26. Paragraphs 1 through 25 are incorporated herein by reference.

**ANSWER:** GBC realleges and incorporates by reference its answers to Paragraphs 1 through 25 above.

7

27. Within two years preceding the Petition Date, the Defendant received or was the beneficiary of certain Transfers.

**ANSWER:** GBC denies all allegations in Paragraph 27.

28. Each of those Transfers constituted transfers of interests in property of New ICC.

**ANSWER:** GBC denies all allegations in Paragraph 28.

29. New ICC received less than reasonably equivalent value in exchange for those Transfers.

**ANSWER:** GBC denies all allegations in Paragraph 29.

30. New ICC (a) was insolvent or became insolvent as a result of each of those Transfers; (b) at the time of each of those Transfers, was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with New ICC was an unreasonably small amount of capital; and/or (c) at the time of each of those Transfers, intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

**ANSWER:** GBC lacks knowledge or information sufficient to form a belief about the truth of all remaining allegations in Paragraph 30 and therefore denies them.

31. Each of those Transfers is recoverable by Trustee Springel for the New ICC Estate under section 548(a)(1)(B) of the Bankruptcy Code.

**ANSWER:** GBC denies all allegations in Paragraph 31.

32. Pursuant to section 550(a) of the Bankruptcy Code, Trustee Springel may recover transfers from the initial, immediate, or mediate transferee, as well as from the entity for whose benefit the transfers were made. Accordingly, Trustee Springel may recover from the Defendant each of those Transfers, the value thereof, or any and all proceeds, monies or properties attributable to same.

**ANSWER:** GBC denies all allegations in Paragraph 32.

4834-1487-5920.3

*Count Three: To Recover Fraudulent Transfers Made by New ICC to or for the Benefit of the Defendant under Section 544 of the Bankruptcy Code and USVI Law*[3]

33. Paragraphs 1 through 32 are incorporated herein by reference.

**ANSWER:** GBC realleges and incorporates by reference its answers to Paragraphs 1 through 32 above.

34. New ICC made certain Transfers prior to the Petition Date, and the Defendant received or was a beneficiary of those Transfers.

**ANSWER:** GBC denies all allegations in Paragraph 34.

35. Each of those Transfers constituted transfers of interests in property of New ICC.

**ANSWER:** GBC denies all allegations in Paragraph 35.

36. At all relevant times, there were and are one or more creditors who held or hold a claim or claims against New ICC. Each of those creditors hold unsecured claims against the New ICC Estate that are allowable under Bankruptcy Code § 502, or are not so allowable only on account of Bankruptcy Code § 502(e).

**ANSWER:** GBC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 and therefore denies them.

37. Each of those Transfers was made without fair consideration, and New ICC was insolvent at the time of each of those Transfers or was rendered insolvent as a result of each of those Transfers.

**ANSWER:** GBC denies all allegations in Paragraph 37.

38. Each of those Transfers was made without fair consideration and while New ICC was engaged or was about to engage in a business or transaction for which the property remaining with New ICC after each of those Transfers was an unreasonably small amount of capital.

**ANSWER:** GBC denies all allegations in Paragraph 38.

---

[3] V.I. Code tit. 28, §201 *et seq.* Trustee Springel maintains that the statutes of limitations for the claims and causes of action asserted in this action pursuant to the applicable laws of the U.S. Virgin Islands have not expired. However, even if the applicable territorial statutes of limitation might otherwise have expired, the Virgin Islands discovery rule provides that in an action upon a new promise, fraud, or mistake, "the limitation shall be deemed to commence only from the making of the new promise or *the discovery of the fraud or mistake.*" 5 V.I.C. § 32(c) (emphasis added). Accordingly, the discovery rule operates to toll the running of limitations.

9

39. At the time that each of those Transfers was made, New ICC intended or believed that it would incur debts beyond its ability to pay as they matured.

**ANSWER:** GBC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 and therefore denies them.

40. Each of those Transfers was made with actual intent to hinder, delay, or defraud then-present or future creditors.

**ANSWER:** GBC denies all allegations in Paragraph 40.

41. Accordingly, each of those Transfers is avoidable by Trustee Springel for the New ICC Estate under all applicable laws of the United States Virgin Islands.

**ANSWER:** GBC denies all allegations in Paragraph 41.

42. Pursuant to section 550(a) of the Bankruptcy Code, Trustee Springel may recover transfers from the initial, immediate, or mediate transferee, as well as from the entity for whose benefit the transfers were made. Accordingly, Trustee Springel may recover from the Defendant each of those Transfers, the value thereof, or any and all proceeds, monies or properties attributable to same.

**ANSWER:** GBC denies all allegations in Paragraph 42.

*Count Four: Alternatively, to Recover Preferential Transfers pursuant to Bankruptcy Code § 547*

43. Paragraphs 1 through 42 are incorporated herein by reference.

**ANSWER:** GBC realleges and incorporates by reference its answers to Paragraphs 1 through 42 above.

44. The Transfers were transfers of interests of New ICC in the Funds.

**ANSWER:** GBC denies all allegations in Paragraph 44.

45. The Transfers were made to or for the benefit of the Defendant.

**ANSWER:** GBC denies all allegations in Paragraph 45.

46. Certain of the Transfers were made for or on account of an alleged antecedent debt owed by New ICC before the Transfers were made.

**ANSWER:** GBC denies all allegations in Paragraph 46.

4834-1487-5920.3

47. Those Transfers were made while New ICC was insolvent.

**ANSWER:** GBC lacks knowledge or information sufficient to form a belief about the truth of all remaining allegations in Paragraph 47 and therefore denies them.

48. Those Transfers were made on or within 90 days before the Petition Date.

**ANSWER:** GBC denies all allegations in Paragraph 48.

49. Those Transfers enabled the Defendant to receive more than the Defendant would receive if (i) the bankruptcy case was a case under chapter 7 of this title; (ii) the Transfers had not been made; and (iii) the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

**ANSWER:** GBC denies all allegations in Paragraph 49.

50. Therefore, Trustee Springel is entitled to the entry of an order avoiding the Transfers and providing for all other related relief as is necessary and proper.

**ANSWER:** GBC denies all allegations in Paragraph 50.

*Count Five: To Recover Unauthorized Post-Petition Transfers Made by New ICC to or for the Benefit of the Defendant under Section 549 of the Bankruptcy Code*

51. Paragraphs 1 through 50 are incorporated herein by reference.

**ANSWER:** GBC realleges and incorporates by reference its answers to Paragraphs 1 through 50 above.

52. New ICC made certain Transfers on or after the Petition Date, and the Defendant received or was a beneficiary of those Transfers.

**ANSWER:** GBC denies all allegations in Paragraph 52.

53. Those Transfers were (a) authorized only under Bankruptcy Code §§ 303(f) or 542(c); or (b) not authorized under the Bankruptcy Code or by the Court.

**ANSWER:** GBC denies all allegations in Paragraph 53.

54. The Defendant did not provide New ICC value in exchange for the Transfers.

**ANSWER:** GBC denies all allegations in Paragraph 54.

55. Pursuant to section 550(a) of the Bankruptcy Code, Trustee Springel may recover transfers from the initial, immediate, or mediate transferee, as well as from the entity for whose

11

benefit the transfers were made. Accordingly, Trustee Springel may recover from the Defendant those Transfers that were made on or after the Petition Date, the value thereof, or any and all proceeds, monies or properties attributable to same.

**ANSWER:** GBC denies all allegations in Paragraph 55.

*Count Six: Civil Conspiracy to Commit Fraud*

56. Paragraphs 1 through 55 are incorporated herein by reference.

**ANSWER:** GBC realleges and incorporates by reference its answers to Paragraphs 1 through 55 above.

57. Pleading further, or in the alternative, the Defendant engaged in a conspiracy to commit fraud. Defendant acted in concert with one or more persons or entities. Specifically, Defendant, along with Prosser, agreed to act together to accomplish an unlawful purpose, namely, the commission of fraud upon New ICC.

**ANSWER:** GBC denies all allegations in Paragraph 57.

58. Defendant, along with Prosser, combined to use unlawful means like fraud to accomplish the goal of the conspiracy, which resulted in significant damages and financial injuries upon the targets of their conspiracy, including New ICC.

**ANSWER:** GBC denies all allegations in Paragraph 58.

59. Specifically, Defendant reached agreement with Prosser to defraud New ICC, and then engaged in one or more of the overt acts described above with the intent and effect of furthering that conspiracy. Further, as a co-conspirator, Defendant is jointly and severally liable for any and all acts done by Prosser in furtherance of the illegal combination.

**ANSWER:** GBC denies all allegations in Paragraph 59.

*Count Seven: To Disallow Claims Asserted by the*
*Defendant pursuant to Section 502(d) of the Bankruptcy Code*

60. Paragraphs 1 through 59 are incorporated herein by reference.

**ANSWER:** GBC realleges and incorporates by reference its answers to Paragraphs 1 through 59 above.

61. The Defendant is the initial, immediate, or mediate transferee of each of the Transfers or the party for whose benefit the Transfers were made. Those Transfers are avoidable by Trustee Springel for the New ICC Estate and should be avoided pursuant to sections 544, 547,

12

and 548 of the Bankruptcy Code. Trustee Springel is entitled to a recovery on account of each of the Transfers pursuant to section 550(a) of the Bankruptcy Code.

**ANSWER:** GBC denies all allegations in Paragraph 61.

62. Accordingly, Trustee Springel is entitled to the entry of an order disallowing any claim of the Defendant against the New ICC Estate, including disallowing any purported liens of the Defendant on the Property and an order that the Defendant is not entitled to any distribution out of any sales of the Property, pursuant to section 502(d) of the Bankruptcy Code.

**ANSWER:** GBC denies all allegations in Paragraph 62.

*Count Eight: To Recover from the Defendant Attorney's Fees, Interest, and Costs*

63. Paragraphs 1 through 62 are incorporated herein by reference.

**ANSWER:** GBC realleges and incorporates by reference its answers to Paragraphs 1 through 62 above.

64. Trustee Springel is entitled to recover attorney's fees and costs and to an award of interest from the dates on which the Defendant received or became a beneficiary of each of the Transfers pursuant to sections 544, 547, 548 and 550 of the Bankruptcy Code, other federal laws, state law, and other applicable law.

**ANSWER:** GBC denies all allegations in Paragraph 64.

## RESERVATION OF RIGHTS

65. Trustee Springel expressly reserves his right to pursue other causes of action against the Defendant and any other party after further investigation.

**ANSWER:** Paragraph 69 does not contain any allegations. To the extent that an answer is required, GBC denies that Trustee Springel is entitled to the rights allegedly reserved in Paragraph 69 or to any relief at all from GBC.

4834-1487-5920.3

## AFFIRMATIVE DEFENSES

1.  Trustee Springel's claims are barred in whole or in part by Section 547(c)(2)(A) of the Bankruptcy Code, because each transfer was in payment of a debt incurred by New ICC in the ordinary course of business or financial affairs of New ICC and GBC, and each transfer was made in the ordinary course of business or financial affairs of New ICC and GBC.

2.  Trustee Springel's claims are barred in whole or in part by Section 547(c)(2)(B) of the Bankruptcy Code, because each such transfer was in payment of a debt incurred by New ICC in the ordinary course of business or financial affairs of New ICC and GBC, and each such transfer was made according to ordinary business terms.

3.  Trustee Springel's claims are barred in whole or in part by Section 548(c) of the Bankruptcy Code, because GBC took the transfers for value and in good faith and, therefore, has a lien on or may retain any interest transferred by New ICC to GBC.

4.  Trustee Springel's claims are barred in whole or in part by Section 549(b) of the Bankruptcy Code, because Trustee Springel may not avoid any transfers made after the commencement of the involuntary case against New ICC but before this Court entered the order for relief to the extent of the value given by GBC after the commencement of the involuntary case in exchange for such transfers.

5.  Trustee Springel's claims are barred in whole or in part by Section 549(d) of the Bankruptcy Code, because he has brought claims under Section 549(a) more than two years after the date of the latest transfer sought to be avoided, August 21, 2007.

6.  Trustee Springel's claims are barred in whole or in part by Section 550(b)(1) of the Bankruptcy Code, because GBC is a transferee that took for value – in the form of satisfaction of present and antecedent debt of New ICC – in good faith and without knowledge of the voidability of the transfers.

7. Trustee Springel's claims are barred in whole or in part by FRCP Rule 19(a), because he has failed to join a required party to this proceeding, Vitelco, who is subject to service of process and whose joinder would not deprive this Court of jurisdiction of this proceeding.

8. Trustee Springel's claims are barred in whole or in part by the two-year statute of limitations set forth in 5 V.I.C. § 31(5).

9. To the extent any of the transfers are avoided, Trustee Springel is barred from recovering them from GBC, in part or in whole, to the extent that the plaintiff in the case titled *James P. Carroll, as Chapter 7 Trustee of the Estate of Jeffrey J. Prosser v. Global Bank of Commerce Limited* (08-AP-03047), currently pending before the United States District Court for the District of the Virgin Islands, Bankruptcy Division, successfully avoids and recovers the transfers from GBC.

10. Trustee Springel's claims are barred in whole or in part because he lacks standing as Trustee for the Bankruptcy Estate of New ICC to disallow any of GBC's liens on the "Property," as that term is defined in Paragraph 10 of the Amended Complaint.

11. Trustee Springel's claims are barred in whole or in part because of the *in pari delicto* doctrine. New ICC was an active, voluntary participant in the transfers for which Trustee Springel seeks damages from GBC. New ICC's conduct is imputed to Trustee Springel, who stands in New ICC's shoes in this adversary proceeding. Therefore, Trustee Springel lacks standing to pursue claims against GBC and/or Trustee Springel's claims against GBC are subject to the *in pari delicto* defense.

12. Trustee Springel's claims are barred in whole or in part because New ICC has been guilty of fraud, including, but not limited to fraud in the inducement, fraudulent

15

4834-1487-5920.3

concealment, and misrepresentations concerning *inter alia* corporate ownership and/or authority, statements of financial condition, and use of loan proceeds.

13. To the extent any of the transfers are avoided, Trustee Springel's claims are barred in whole or in part by the doctrines of recoupment and/or setoff. GBC has claims against New ICC arising under the loan documents, including a Guaranty Agreement, dated July 8, 2002, executed by New ICC and Prosser.

14. GBC reserves the right to amend its affirmative defenses to allege any additional defenses as may later become available or apparent. Further, GBC reserves the right to withdraw any defenses subsequently determined to be inapplicable. Nothing stated in the foregoing defenses constitutes a concession that GBC bears any burden of proof on any issue on which it would not otherwise bear such burden.

Dated: August 7, 2012

GLOBAL BANK OF COMMERCE LIMITED

By: /s/ George R. Mesires
  One of Its Attorneys

George R. Mesires, Esq. (Admitted pro hac vice)
Ungaretti & Harris LLP
70 West Madison Street, Suite 3500
Chicago, Illinois 60602
Phone: (312) 977-4400
Facsimile: (312) 977-4405
grmesires@uhlaw.com

Edward Jacobs
Jacobs & Brady PC
7 Church Street
Christiansted, St. Croix
U.S. Virgin Islands 00820
Phone: (340) 773-3322
Facsimile: (340) 773-2566

*Attorneys for Global Bank of Commerce Limited*

## **CERTIFICATE OF SERVICE**

   I, the undersigned attorney, hereby certify that on August 7, 2012, I electronically filed the **Answer of Global Bank of Commerce Limited to First Amended Complaint Against Global Bank of Commerce Limited to Recover Pre-Petition Fraudulent Transfers and Preferential Transfers and Objection to Claim** with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the following individuals:

Counsel to the Chpt. 7 Trustee:
Bernard C. Pattie
The Law Offices of Bernard C. Pattie, PC
1244 Queen Cross Street, Suite 5
Christiansted, VI 00820
340-692-7717
340-692-7719 (fax)
boinie@compuserve.com

Joseph L. Steinfeld, Jr.
ASK Finanacial LLP
2600 Eagan Woods Drive, Ste 400
St. Paul, MN 55121
651-289-3850
651-406-9676 (fax)
jsteinfeld@askfinancial.com

Counsel to the Chpt. 11 Trustee:
Rebecca Petereit
Michaela Christine Crocker
Vinson & Elkins LLP
2001 Ross Avenue
Suite 3700
Dallas, TX 75201
214.220.7700
214.999.7802 (fax)
rpetereit@velaw.com
mcrocker@velaw.com

               /s/ George R. Mesires

4834-1487-5920.3